## DICK MAY *v.* THE STATE.

1. SELF-DEFENCE. — The right of self-defence must be exercised within the limits of mere defence and protection, under an apparent necessity to avert by force an unlawful and violent attack; and it is not enough that the party believed himself in danger, but the proof must satisfy the jury that he had reasonable ground for that belief, and that when he acted, the danger was impending, and that he had resorted to all other means of averting it.

2. SAME. — A party is allowed to act, and act promptly, upon his apprehensions and expectations, but only when he can show from the conduct or words of the other party that his apprehensions and expectations were reasonable.

3. REASONABLE DOUBT IN MISDEMEANORS. — The omission of the court, in a misdemeanor case, to give in charge to the jury the doctrine of reasonable doubt is not error. The refusal of a correct instruction on the subject, however, is error even in misdemeanors.

4. AMENDMENT OF VERDICT. — Trying an information for aggravated assault, the jury returned a verdict of "guilty," but without stating or indicating therein whether they found him guilty of the grade of offence charged in the information, or of a minor grade. The court asked the jury if they intended to find the defendant guilty of aggravated assault. The foreman answered in the affirmative; the clerk inserted the words, "of aggravated assault," at the proper place in the verdict, and the jury agreed thereto. *Held,* that there was no error in this proceeding, it being in conformity with art. 3092, Paschal's Digest.

5. CONTINUANCE — NEW TRIAL. — Defendant's motion for a continuance failed to show diligence. In support of his motion for a new trial, he filed his affidavit, in which he attempted to supply the defect in his motion for a continuance. *Held,* not warranted by any known rule of practice.

APPEAL from the County Court of Ellis. Tried below before the Hon. J. D. TEMPLETON, County Judge.

The case is clearly stated in the opinion. The punishment assessed and adjudged against the appellant was a fine of $100.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. Perhaps the best method of getting at the questions involved in the case here presented is to give a

brief, substantial statement of the facts, as they appear in the record.

One Massingale had rented of a party named Alston a house, for the year 1877. Before the expiration of his lease, Alston wished to use the house, and Massingale moved into another building, consenting that Alston might put some hands in his employ in the house thus vacated. Defendant, it seems, was one of these employees.

On the morning of the difficulty, three of Massingale's sons and two other parties, all unarmed, rode up to the gate, and David Massingale, the assaulted party, got down off his horse and was opening the gate, when the defendant drew his gun, and, having cocked it, presented it at him, telling him that "if he opened the gate, or came inside, he would kill him." Walker, one of the parties, told defendant that Massingale had only come over to get some bee-gums which had been left at the house when they moved from it. Massingale also told defendant he had never harmed him. Defendant then said, "All right," and permitted them to enter, and did not interfere with them further.

Defendant was tried and convicted for an aggravated assault on David Massingale. On the trial, defendant proposed to prove that he and one Ward Massingale, a brother of David, had had a previous difficulty, on the same morning, in which Ward Massingale had assaulted defendant with a six-shooter; which testimony the court refused to allow him to introduce, and a bill of exceptions was saved to the ruling, and is one of the errors complained of. Doubtless this testimony was sought for the purpose of showing that, at the time of presenting his gun and threatening to kill Massingale, defendant was apprehending an attack, or had reason to apprehend that these parties had come for the purpose of attacking him, on account of this previous difficulty; in other words, that he was simply acting in self-defence. Such evidence was inadmissible, under

the circumstances of the case.   Massingale and his friends were unarmed ; were on a peaceful mission ; were, in fact, doing and saying nothing to reasonably arouse the fears or apprehensions of defendant at the time he committed the assault.

As was said by this court in *Blake* v. *The State*, 3 Texas Ct. App. 581, " self-defence is a defensive, and not an offensive act, and must not exceed the bounds of mere defence and prevention.   *   *   *   There must be at least an apparent necessity to ward off by force some unlawful and violent attack.   It is not enough that the party believed himself in danger, unless the facts and circumstances were such that the jury can say he had reasonable grounds for his belief."   Whenever it is permitted to be legitimately interposed, the rules governing this character of defence are the same.   In all such cases it must reasonably appear by the acts, or by words coupled with the acts, that it was the purpose and intent of the person against whose acts it is pleaded, to commit some offence ; and the right of self-defence must have been exercised while the person injured was in the act of committing the offence, or after some act done by him showing evidently an intent to commit such offence.   Pasc. Dig., art. 2226.

If the right of self-defence is claimed against an attack upon the person of an individual, or in protection of his property, it must appear that all other means were resorted to for the prevention of the injury ; and the party acting on his defence must show that the other was in the very act of making such unlawful and violent attack.   Pasc. Dig., art. 2228.   The actions of the party claimed to have been defended against must be such as produced a reasonable expectation that such party was about to inflict an injury.   Pasc. Dig., art. 2230.   A party is allowed to act, and to act promptly, upon his apprehensions and expectations even ; but only so when he can show from the acts, words, and conduct of the other party that his expectations

and apprehensions *are reasonable*. No such reasonable grounds for his conduct are shown by this defendant.

The charge of the court fully presented the law applicable to the facts, and no additional charges were asked for the defendant. It is, however, contended that the court failed to give defendant the benefit of a reasonable doubt in the charge, and that, therefore, the case should be reversed. Such is not the rule in misdemeanor cases, unless a special instruction on the subject is asked and refused. *Treadway* v. *The State*, 1 Texas Ct. App. 669; *Goode* v. *The State,* 2 Texas Ct. App. 520.

A bill of exceptions was saved to the manner in which the verdict was amended after it was returned into court. As originally written, it did not find the offence of which the jury found defendant guilty, and the court asked "if they intended to find the defendant guilty of an aggravated assault; to which the foreman replied in the affirmative, when the correction was made, by the clerk inserting, ' of aggravated assault; ' to which correction the jury agreed." We see no error in this proceeding. On the contrary, it is expressly authorized by the statute, which reads: "If the jury find a verdict which is informal, their attention shall be called to it; and, with their consent, the verdict may, under the direction of the court, be reduced to proper form." Pasc. Dig., art. 3092.

No error is perceived in the overruling of the motion, either for a continuance or new trial. It was not shown, in the application for continuance, what became of the subpœnas sued out for witnesses by defendant; and the diligence was, therefore, not sufficient. As part of his motion for new trial, defendant makes a statement under oath, in which he attempts to supply this defect in the motion for continuance. We know of no such rule of practice.

Another ground of objection is, that the evidence is insufficient to establish a case of aggravated assault. Upon this point we only deem it necessary to refer to the case of

*Cato* v. *The State*, 4 Texas Ct. App. 87, and the authorities there cited.

We see no error in the judgment of the lower court, and it is, consequently, affirmed.

*Affirmed.*